**KTAP**    **KUDMAN • TRACHTEN • ALOE • POSNER** LLP

—————————————————————— *Attorneys at Law* ——

David N. Saponara • Direct (212) 868-1887 • dsaponara@kudmanlaw.com

April 25, 2024

**VIA ECF ONLY**
Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12B
New York, New York 10007

    Re:   *AYH Wind Down LLC v. Silberstein*
                <u>Case No. 1:24-cv-00800-JHR</u>

Dear Judge Rearden:

    We represent defendant Yoel Silberstein in the above-referenced action, which was assigned to this Court following the filing of defendant's motion in an adversary proceeding pending in the United States Bankruptcy Court for the Southern District of New York (Adv. Pro. No. 23-01180-mg) seeking an order: (1) pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Local Bankruptcy Rule 5011-1, withdrawing the reference of the adversary proceeding; and (2) pursuant to 9 U.S.C. § 4, compelling arbitration of the sole claim alleged in the complaint.

    Pursuant to the briefing schedule that the Court approved on February 29, 2024 (ECF No. 6), plaintiff AYH Wind Down LLC filed its opposition papers on March 6, 2024 (ECF Nos. 7–8), and defendant filed his reply papers on March 15, 2024 (ECF Nos. 9–10). Accordingly, the motion is fully briefed and ready for either oral argument or decision.

    Proceedings in the bankruptcy court have continued while defendant's motion has been pending in this Court. Discovery proceeded on the timeline ordered by the bankruptcy court, enabling plaintiff to obtain documents from defendant and deposition testimony from defendant and a non-party. Because defendant is seeking to compel arbitration, he did not affirmatively seek any discovery from plaintiff, but he provided all discovery requested of him. On the April 6, 2024, plaintiff moved for leave to amend its complaint to add new claims against defendant that it contends arise out of the discovery it obtained.

    On April 16, 2024, plaintiff also sought the bankruptcy court's permission to move for summary judgment. During a pre-motion conference on April 25, 2024, the bankruptcy court denied plaintiff's request to move for summary judgment without prejudice to plaintiff's ability to renew the request after plaintiff's motion for leave to amend its complaint is resolved.

    Given the current posture of the adversary proceeding, defendant respectfully requests that the Court expedite either a hearing or decision on his motion to withdraw the reference and to compel arbitration because this Court's decision on defendant's motion is necessary to determine whether this case will proceed to a merits-based determination in arbitration, in this Court, or in the bankruptcy court. Both portions of defendant's motion need to be decided before the parties address the merits of the underlying dispute.

KUDMAN • TRACHTEN • ALOE • POSNER LLP
Honorable Jennifer H. Rearden
April 25, 2024
Page | 2

The withdrawal of reference prong of defendant's motion is based on the fact that the adversary proceeding is a state law, non-core matter over which the bankruptcy court lacks final adjudicatory to decide plaintiff's claim. Accordingly, if plaintiff moves forward with a motion for summary judgment, the bankruptcy court could at most issue proposed findings of fact and conclusions of law, which would be subject to *de novo* review in this Court. *See* 28 U.S.C. § 157(c). Additionally, the bankruptcy court cannot conduct the jury trial that defendant timely demanded and is entitled to receive because defendant does not consent to the bankruptcy court conducting the trial. *See* 28 U.S.C. § 157(e); *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989) (holding that the Seventh Amendment entitles defendants who have not filed claims against the bankruptcy estate to a jury trial even in "core" proceedings).

The arbitration prong of defendant's motions is based on a November 2015 agreement that defendant entered into with plaintiff's predecessor-in-interest, All Year Holdings Limited, the debtor in the chapter 11 bankruptcy case the preceded the filing of the adversary proceeding in the bankruptcy court. Defendant will be irreparably harmed by the bankruptcy court rendering a substantive, merits-based decision on any portion of plaintiff's claims because it will deprive him of his contractual right to have those matters decided in arbitration. *See, e.g.*, *Nat'l Union Fire Ins. Co. v. Advanced Micro Devices, Inc.*, No. 16-CV-5699 (JGK), 2016 WL 4204066, at *5 (S.D.N.Y. Aug. 4, 2016) ("[I]t is well established that losing the ability to enforce an arbitration agreement is a form of irreparable harm."). Indeed, the risk of harm posed by the loss of a party's right to arbitrate is so grave that the Supreme Court recently held in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), that proceedings in a district court must automatically be stayed during an appeal from the denial of motion to compel arbitration.

Defendant has carefully proceeded in the bankruptcy court to strike a balance between not delaying the case and preserving his right to have the matter decided in the contractually designated arbitral forum. To that end, while defendant timely provided all requested discovery to plaintiff, he has neither sought discovery from plaintiff nor requested that the bankruptcy court make any merits-based rulings in his favor because doing so would be inconsistent with his right to arbitration, which he will continue to take steps to preserve.

A prompt decision on defendant's motion to withdraw the reference and compel arbitration will provide clear guidance as to where the merits of this case must be adjudicated and save the parties and the courts from spending time and resources addressing substantive matters in an inappropriate forum.

We appreciate the Court's attention to this matter.

Respectfully submitted,

David N. Saponara

cc:   Plaintiff's Counsel (via ECF only)