# KTAP

## KUDMAN · TRACHTEN · ALOE · POSNER LLP

─── Attorneys at Law ───

David N. Saponara • Direct (212) 868-1887 • dsaponara@kudmanlaw.com

March 14, 2025

**VIA ECF ONLY**
Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12B
New York, New York 10007

      Re:    *AYH Wind Down LLC v. Silberstein*
              <u>Case No. 1:24-cv-00800-JHR</u>

Dear Judge Rearden:

      We represent defendant Yoel Silberstein in the above-referenced action and write to provide a status update on this matter.

      This action was assigned to this Court following the filing of defendant's motion in an adversary proceeding pending in the United States Bankruptcy Court for the Southern District of New York (Adv. Pro. No. 23-01180-mg) seeking an order: (1) pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Local Bankruptcy Rule 5011-1, withdrawing the reference of the adversary proceeding; and (2) pursuant to 9 U.S.C. § 4, compelling arbitration under a November 2015 agreement that defendant entered into with plaintiff's predecessor-in-interest, All Year Holdings Limited, the debtor in the chapter 11 bankruptcy case that preceded the filing of the adversary proceeding. Defendant's motion to withdraw the reference and compel arbitration was fully briefed and submitted as of March 15, 2024, and remains undecided.

      Proceedings in the bankruptcy court continued while defendant's motion remained pending in this Court. Discovery was completed on the timeline ordered by the bankruptcy court, after which plaintiff amended its complaint to assert additional claims based on the same operative facts. In July 2024, the bankruptcy court granted plaintiff's request for permission to move for partial summary judgment on certain of its claims. Defendant opposed plaintiff's application for permission, arguing, among other things, that the bankruptcy court should not pass on the merits of the controversy while defendant's motion to withdraw the reference and compel arbitration was pending and that the bankruptcy court lacks authority to finally adjudicate plaintiff's claims. Since the bankruptcy court was intent on continuing with the adjudication of adversary proceeding over defendant's objections, defendant moved in this Court, pursuant to Federal Rule of Bankruptcy Procedure 5011(c), for an order staying the adversary proceeding pending a decision on defendant's fully submitted motion to withdraw the reference and compel arbitration. Defendant's stay motion was fully briefed and submitted on August 12, 2024. No decision has been rendered.

      The parties briefed plaintiff's motion for partial summary judgment between August and October 2024. On February 19, 2025, the bankruptcy court issued its Memorandum Opinion and Order Denying Plaintiff's Motion for Partial Summary Judgment, in which it denied plaintiff's motion in its entirety. A copy of the bankruptcy court's decision is enclosed with this letter.

KUDMAN · TRACHTEN · ALOE · POSNER LLP
Honorable Jennifer H. Rearden
March 14, 2025
Page | 2

The bankruptcy court's decision on plaintiff's motion for partial summary judgment has rendered defendant's stay motion moot. However, defendant's earlier filed motion to withdraw the reference and compel arbitration remains pending.

Defendant timely demanded and is entitled to a jury trial on plaintiff's claims. The jury trial cannot take place in the bankruptcy court absent defendant's consent, which defendant has not provided. *See* 28 U.S.C. § 157(e); FED. R. BANKR. P. 7008. The prong of defendant's motion seeking to compel arbitration needs to be decided before the parties and the Court expend considerable time and resources preparing for a jury trial that might not be necessary.

Motions to compel arbitration are akin to motions questioning the court's jurisdiction and as such should be decided before the court reaches any merits-based rulings. *See Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 181 (S.D.N.Y. 2018) ("Since jurisdiction generally must precede merits in dispositional order, a district court should generally rule on a motion to compel arbitration before proceeding to a merits-based motion to dismiss. Even if the arbitration issue is not considered jurisdictional, it should ordinarily be addressed first as a matter of judicial efficiency.") (cleaned up). Before any trial of the underlying controversy takes place, there first must be a determination of whether the controversy is subject to arbitration. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) ("If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along.").

If the Court would like to schedule a conference to discuss any of the issues identified above, counsel for the parties will make themselves available.

We appreciate the Court's attention to this matter.

Respectfully submitted,

David N. Saponara

Encl.

cc:    Plaintiff's Counsel (via ECF only)